■ In the Matter of EDWARD C. MAGUIRE et al., Constituting the Board of Water Supply of the City of New York, Appellants, Relative to Acquiring Title to Real Property in the County of Sullivan. LOUIS A. RAPP et al., Respondents. — Appeal from an order of the Supreme Court at Special Term, entered May 25, 1979 in Sullivan County, which reversed all awards made by the commissioners of appraisal and directed that all claims be resubmitted to a successor commission for rehearing and determination. This appeal is from an order reversing awards to property owners for decrease in value of their riparian properties by reason of the City of New York's impoundment and diversion of water of the Delaware River for use by the residents of the City of New York (Administrative Code of City of New York, ch 51, tit K, art 1). There are 23 individual claims against the City of New York (City) involved in this case. This court has previously set forth the proper measure of damage in situations such as the present one as being the difference between the present value of claimants' premises and what that value would have been had there been no diversion of water (Matter of Maguire [Plessl], 64 AD2d 745; Matter of Maguire [Wingert], 48 AD2d 958, mot for lv to app den 37 NY2d 712; Gallagher v Kingston Water Co., 25 App Div 82, affd 164 NY 602). Initially, we note that it is most significant that while the technical date of vesting of 21 of these properties was June 27, 1968 and the remaining two on September 1, 1964, large-scale manipulation and diversion of the Delaware River commenced in 1955 and continues to the present time. In establishing such "before" and "after" values, the City's appraisers consistently relied on sales of properties along the Delaware River which occurred subsequent to the City's diversion of the water in order to establish "before" values. The sale prices of other properties already affected by the diversion of water were also utilized by the City to formulate "trend sales" so as to show the increasing value of the properties. In effect, the city's experts failed to properly consider what the value of the properties would have been had there been no diversion of water. Upon utilizing their methods of valuation, the City maintained in all 23 claims that no loss in value occurred as a result of the impoundment and diversion of the water of the Delaware River. This court, however, has previously found in a similar case involving diversion of the Delaware River by New York City that it was "abundantly clear that a very large part of the value before the taking was in fact attributable to the recreational facilities afforded by the river and subsequently in large part destroyed" by the diversion of the waters (Matter of Ford [City of New York], 18 AD2d 855, 856; see, also, Matter of Maguire [Wingert], supra, p 959). In all but one of the 23 claims, the commissioners, in determining the "before" and "after" values of the subject properties, expressly stated that they had given greater weight to the City's experts' appraisals. Upon our review of the record, it is manifestly clear that the commissioners placed virtual exclusive reliance on the testimony of the City's experts concerning their method of valuation. In Water Supply Act proceedings such as the present one, this court may reject awards based on erroneous

principles of law *(Matter of Ford [Siska]*, 22 NY2d 834; *Matter of Ford [Dosseff-Conklin]*, 36 AD2d 352). It is the opinion of this court that the commissioners relied on an erroneous method of valuation and, therefore, Special Term properly reversed the awards. Accordingly, the order should be affirmed (cf. *Houle Co. v State of New York*, 73 AD2d 794). Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.