■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL GOODWINE, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered October 25, 1989, convicting him of criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Just after midnight on September 16, 1988, two police officers were parked in an unmarked police car approximately 50 to 75 feet from the intersection of Nassau Road and Hudson Avenue, in Roosevelt, Nassau County, New York. From the car, the officers observed the defendant and another individual standing on the corner. After about five minutes, a third man approached the defendant and, after a brief conversation, the defendant walked over to a signpost and removed a small black pouch from between the sign and the post. The defendant returned to the corner and appeared to hand something to the third man. Then, the third man inspected a clear plastic vial at eye level, placed the vial into his pocket, and walked away. The defendant then returned the pouch to the signpost.

At this point, the officers exited their vehicle and approached the defendant. They retrieved the black pouch from the signpost and arrested the defendant. The officers opened the pouch and discovered 18 vials, each containing a "white, rock-like substance".

The defendant argues that the court erred when it denied suppression of the pouch and its contents. We disagree.

The Fourth Amendment protects all citizens from unreasonable government intrusions as measured by a reasonable expectation of privacy (see, Oliver v United States, 466 US 170;

*United States v Chadwick,* 433 US 1; *see, also, Smith v Maryland,* 442 US 735). Although the courts have recognized a reasonable expectation of privacy in places that are nominally public *(see, Katz v United States,* 389 US 347; *People v Mercado,* 68 NY2d 874, *cert denied* 479 US 1095), we find that the defendant did not have a reasonable expectation of privacy in the pouch and its contents, which were hidden in the signpost on a public street.

In any event, an expectation of privacy forecloses only *unreasonable* government intrusions *(see, People v Mercado, supra).* In this case, based on the observations of the officers, and the reasonable inferences that flowed from those observations, there was probable cause for the officers to believe that the pouch behind the sign contained a controlled substance. Thus, the search was justified, and the court properly denied the defendant's motion to suppress the pouch and its contents.

Although a trial court may properly allow certain expert testimony on the subject of drugs *(see, e.g., People v Polanco,* 169 AD2d 551), here the People's expert was asked, specifically, whether the possession of more than four vials of crack constitutes possession with intent to sell. Such testimony " 'invades the jury's exclusive province of determining an ultimate fact issue in the case' " *(People v Bajraktari,* 154 AD2d 542, 543, quoting from *People v Abreu,* 114 AD2d 853, 854). However, because the defendant's activities were manifest, and the evidence of his guilt was overwhelming, the error is harmless *(People v Crimmins,* 36 NY2d 230).

We have examined the defendant's remaining contention and find it to be without merit. Bracken, J. P., Harwood, Eiber and Rosenblatt, JJ., concur.