■ The People of the State of New York, Respondent, v Loretto Torres, Appellant. [605 NYS2d 380] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered March 11, 1991, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered. No questions of fact have been raised or considered.

We conclude that the court erred in permitting the People to offer certain rebuttal evidence, over the objection of the defense counsel. The defendant was charged with a single sale of narcotics, and the court ruled that the People could not elicit testimony as to the amount of money recovered from him upon his arrest. Contrary to the People's contention, we find that the defendant's direct testimony did not open the door to rebuttal testimony on that issue by the arresting officer. Furthermore, the officer should not have been permitted to testify as to a prior inconsistent statement of a defense witness as that statement was relevant only to the issue of the credibility of the witness *(see, People v Wise,* 46 NY2d 321, 328; *People v Schwartzman,* 24 NY2d 241, 245, *cert denied* 396 US 846; Richardson, Evidence § 491 [Prince 10th ed]; *cf., People v Cade,* 73 NY2d 904). These errors cannot be considered harmless *(see, People v Crimmins,* 36 NY2d 230).

In addition, we conclude that the defendant was prejudiced by the prosecutor's inappropriate cross-examination of the defense witnesses. Although this issue is unpreserved for appellate review because the defense counsel failed to ask for further curative instructions *(see, People v Medina,* 53 NY2d 951), we have reached it in the exercise of our interest of justice jurisdiction. The prosecutor pursued certain lines of questioning, despite the fact that the defense counsel's objections were repeatedly sustained. She questioned a defense witness excessively about his drug use and suggested that the witness wanted to help the defendant because the defendant was his supplier. The prosecutor persisted in asking the defendant, who was employed as a peace officer by the Board of Education, irrelevant questions as to whether he had seen school children using drugs and whether he agreed that drugs were a problem in schools. Furthermore, it was improper for the prosecutor to comment during cross-examination that the defendant was the only witness who had the benefit of listening to everyone else's testimony, and to suggest that he had tailored his testimony.

We find that the cumulative effect of these errors deprived the defendant of a fair trial, and, accordingly, we reverse and order a new trial. Mangano, P. J., Balletta, Lawrence and O'Brien, JJ., concur.