■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY LAMONT, Appellant. [643 NYS2d 243] —Mercure, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered January 25, 1995, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree and criminal possession of marihuana in the fourth degree.

On October 7, 1993, a vehicle driven by Rodney Randall and occupied by defendant was stopped by State Troopers on Interstate Route 87 in the Town of Coeymans, Albany County. A search of defendant's person disclosed 133.1 grams of marihuana and 82.3 grams (2.9 ounces) of cocaine secreted inside his underwear between his legs. Indicted for criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree and criminal possession of marihuana in the fourth degree and convicted of all three charges following a jury trial, defendant now appeals, contending primarily that the evidence was insufficient to establish his knowledge that the aggregate weight of the cocaine exceeded two ounces (Penal Law § 220.18 [1]) or that he possessed the cocaine with intent to sell it (Penal Law § 220.16 [1]). In our view, there is merit to each of the contentions.

Because the charges against defendant were pending at the time of the decision of the Court of Appeals in *People v Ryan* (82 NY2d 497) and were committed prior to the legislative annulment thereof (*see*, L 1995, ch 75), in the prosecution for criminal possession of a controlled substance in the second degree, the People were required to establish beyond a reasonable doubt not only that defendant was aware that he possessed cocaine, but also that the aggregate weight of the cocaine exceeded two ounces (*see*, *People v Ryan, supra*). The People's position is that, by positioning the plastic bag containing 2.9 ounces of cocaine in his groin and "carrying" it there for a period of hours, defendant had sufficient contact with the drug to "experience" its weight. Even viewing the evidence in the light most favorable to the prosecution, as we are required to do (*see*, *People v Alexander*, 75 NY2d 979, 980; *People v Roe*, 74 NY2d 20, 23; *People v Contes*, 60 NY2d 620, 621), controlling decisions of the Court of Appeals implementing the holding of *People v Ryan* (*supra*) constrain us to reject that contention.

Defendant testified that he traveled from the Capital District

to New York City on October 6, 1993 for the purpose of dropping off support payments for his daughter and possibly purchasing some marihuana. Defendant visited with his daughter and then located an individual known to him only as Richard. After defendant purchased 1/4-pound of marihuana from Richard, the latter requested that defendant deliver an additional package, which appeared to defendant like two packs of cigarettes wrapped in a paper towel, to a common acquaintance named Hector, who lived near defendant in the Capital District. Because the transaction took place in a "dangerous neighborhood", where "[a] lot can happen * * * if people think you have something of value", defendant placed the marihuana and the other package in his groin area. Defendant and Randall then left in their vehicle, got some food from a drive-thru fast food restaurant, put gasoline in the vehicle and headed toward home, with Randall driving and defendant riding in the front passenger seat. Defendant slept through the entire trip home and was still asleep when the police stopped the vehicle.

Although a defendant's knowledge of the weight of a drug may be inferred from his handling of it (see, People v Ryan, supra), defendant's testimony, which constituted the sole trial evidence on the issue, was that he handled the drug only long enough to stick it in his underwear. We are not at all persuaded by the People's argument that defendant was able to "experience" the relatively minuscule weight of the drug (see, People v Sanchez, 86 NY2d 27, 33-34), while it was positioned between his legs in the car, particularly in view of the fact that he was asleep for most of the time (cf., People v Gutierrez, 211 AD2d 822, lv denied 85 NY2d 973; People v Almonte, 210 AD2d 911, lv denied 85 NY2d 859; People v Cohen, 210 AD2d 245, lv denied 85 NY2d 971). To the contrary, the People presented nothing more than evidence of defendant's possession of the drug and not a handling of it, which "connotes sufficient contact with the substance to experience its weight—to give rise to a probability defendant became aware of the weight of the drugs in his possession" (People v Sanchez, supra, at 33). Further, although courts have recognized a number of alternative methods of establishing a defendant's knowledge of the weight of a drug (see, e.g., People v Ryan, supra, at 505 [sale of drug involving negotiations concerning weight, potency or price]; People v Graham, 209 AD2d 822, 823, lv denied 84 NY2d 1011 [ongoing drug-selling activity and the presence of drug paraphernalia]; People v Sanchez, supra, at 35 [packaging of drug in containers of roughly equal quantity for resale]), the record supports none of them and the People make no such argument in any event.

We are similarly persuaded that the People failed to present legally sufficient evidence to support the element of intent to sell, necessary to sustain defendant's conviction for criminal possession of a controlled substance in the third degree. Once again, the fact that defendant was found in possession of a package of cocaine will not of itself permit an inference that defendant intended to sell the drug. To the contrary, "[m]ore than mere possession of a modest quantity of drugs, not packaged for sale and unaccompanied by any other saleslike conduct, must be present for such an inference to arise" (*People v Sanchez, supra*, at 35). It is noteworthy that the "modest quantity of drugs" referred to in the quoted text was $3^1/_4$ ounces of cocaine (*supra*), a somewhat larger quantity than that present here.

Finally, we reject the contention that the requisite intent to sell was established by the expert opinion testimony of State Police Investigator Samuel Mercado. Even if we accept Mercado's qualification as an expert in the field, his testimony concerning the drug trade between New York City and the Capital District, the various practices of drug dealers and couriers, the intermediate markups and overall profit to be made by transporting quantities of cocaine from New York City and, most notably, the opinions that nobody would serve as a drug courier without remuneration, that no drug dealer would entrust a quantity of cocaine to an inexperienced and unpaid courier, and that the cocaine found on defendant's person "[was] transported for the use of selling and re-selling and adulterating and selling in the area [he was] bringing it back to" was lacking in relevance and probative value (*see, People v Green*, 35 NY2d 437, 441-442; *People v Kelsey*, 194 AD2d 248, 253; *People v Alfonso*, 194 AD2d 358). Although the courts have permitted expert testimony for the purpose of filling voids in the evidence or to render otherwise incomprehensible testimony more understandable to the jurors (*see, e.g., People v Garcia*, 83 NY2d 817 [expert testimony limited to definitions of drug terms]; *People v Rivera*, 209 AD2d 151, *lv denied* 84 NY2d 1037 [limited expert testimony concerning the behavior of drug dealers permitted to explain the absence of prerecorded buy money among items seized from the defendant]), Mercado's highly generalized testimony and expression of opinion as to defendant's knowledge and intent was not only irrelevant, it tended to usurp the jury's fact-finding function (*see, People v Goodwine*, 177 AD2d 708, 709, *lv denied* 79 NY2d 920).

In view of the foregoing, we are constrained to reduce defendant's conviction of criminal possession of a controlled

substance in the second degree to the lesser included offense of criminal possession of a controlled substance in the seventh degree (*see, People v Mizell*, 72 NY2d 651, 655; *People v Rivera*, 222 AD2d 317) and reverse the conviction of criminal possession of a controlled substance in the third degree. Rather than remit the matter to County Court, we shall sentence defendant on the conviction for criminal possession of a controlled substance in the seventh degree to the statutory maximum of a one-year definite sentence, to be served concurrently with defendant's conviction for criminal possession of marijuana in the fourth degree (*see, People v Orta*, 184 AD2d 1052, 1054).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is modified, on the law, by (1) reducing defendant's conviction on count one of the indictment to criminal possession of a controlled substance in the seventh degree and resentencing defendant on that conviction to a definite term of imprisonment of one year, and (2) reversing defendant's conviction on count two of the indictment and dismissing said count, and, as so modified, affirmed.