■ The People of the State of New York, Respondent, v Sean Davis, Also Known as Clarence Martin, Appellant. [653

NYS2d 404] —Spain, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered August 16, 1995 in Albany County, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree (two counts) and forgery in the second degree.

During the early evening hours of October 14, 1994, two City of Albany police officers observed a group of men gathered by a car and a van in a parking lot near the bus station. They observed one of the men pass a bag to defendant, from which defendant removed a large white chunky substance and handed it to a third man who placed it down inside his pants. A fourth man was observed by the officers to be acting as a lookout by glancing around the parking lot as the transfer took place. The men then entered the van, drove away and were followed by the officers who stopped them after a brief pursuit. All four occupants were arrested after the officers found cocaine under a rear seat occupied by the man who had placed the white chunky substance in his pants.

At the police station, defendant identified himself and signed his fingerprint card as Clarence Martin. The police later determined his real identity (Sean Davis) and arrested him for forgery; at his second booking defendant signed the fingerprint card as Sean Davis. Thereafter, defendant was indicted on two counts of criminal possession of a controlled substance in the third degree and one count of forgery in the second degree. After a suppression hearing, at which Supreme Court found that the People had satisfied their burden on the issue of probable cause, defendant and the three codefendants were tried before a jury which found defendant guilty of all charges. Supreme Court sentenced defendant as a second felony offender to two concurrent prison sentences of $12^{1}/_{2}$ to 25 years on the narcotics charges and a consecutive sentence of $3^{1}/_{2}$ to 7 years on the forgery charge. Defendant now appeals.

We affirm. Initially we reject defendant's assertion that Supreme Court should have suppressed the contraband seized from the van. The totality of the circumstances as they occurred in the parking lot and as observed by the police officers indicates that there was probable cause for the stop, the search of the van and the subsequent arrest of defendant for possession of narcotics (see, People v Alexander, 218 AD2d 284, 289, lv denied 88 NY2d 964); the transfer of the white chunky substance, the fact that it was placed down inside a codefendants pants, the observed lookout and all other circumstances surrounding the transfer provided sufficient basis for the experienced police officers to reasonably conclude that the

substance was a narcotic (*see, supra,* at 288-289; *People v Graham,* 211 AD2d 55, 56, *lv denied* 86 NY2d 795). "Probable cause requires, not proof beyond a reasonable doubt or evidence sufficient to warrant a conviction * * * but merely information which would lead a reasonable person who possesses the same expertise as the officer to conclude, under the circumstances, that a crime is being or was committed" (*People v McRay,* 51 NY2d 594, 602 [citations omitted]). Accordingly, Supreme Court properly denied defendant's motion to suppress.

We also reject defendant's contention that Supreme Court erred in permitting expert testimony during the trial on dealing drugs and the trade in Albany. The expert, an investigator with the Albany County Sheriff's office, testified as to the methods used to conceal, transport and consume narcotics, as well as patterns of drug activity near the Albany bus station. In our view the information elicited through such testimony was beyond the knowledge of the typical juror and did not usurp the function of the jury (*see, People v Goodwine,* 177 AD2d 708, 709, *lv denied* 79 NY2d 920; *People v Polanco,* 169 AD2d 551, 552, *lv denied* 77 NY2d 965). Defendant's reliance on *People v Figueroa* (211 AD2d 811) and *People v Torres* (199 AD2d 442) is misplaced and the concerns raised by this Court in *People v Lamont* (227 AD2d 873) do not exist in this case, especially in light of the overwhelming evidence in the record supporting defendant's guilt.

We next reject defendant''s contention that Supreme Court improperly refused to instruct the jury on constructive possession or on the requirement that the prosecution must prove that defendant knew the weight of the contraband found in his possession (*see, People v Ryan,* 82 NY2d 497, 503). First, defendant's assertion that constructive possession and the automobile exception to the constructive possession theory should have been charged is without support in case law. Supreme Court properly instructed the jury on the automobile presumption under Penal Law § 220.25 because this case involves a situation where cocaine was found under the seat of a van in which defendant was a passenger. There was no legal basis to support defendant's request for a constructive possession charge. Second, the contention that Supreme Court erred in failing to instruct the jury on the People's burden to prove defendant's knowledge of the weight of the contraband (*see, People v Ryan, supra*) was not preserved for review; it is well settled that a challenge under *People v Ryan* (*supra*) must be preserved for appellate review by an appropriate objection (*see, People v Gray,* 86 NY2d 10, 18; *People v Lawrence,* 85 NY2d 1002, 1004-1005).

We have considered defendant's remaining contentions, including Supreme Court's *Sandoval* ruling, the alleged prejudicial comments by the prosection during summation and the alleged harshness of his sentence, and find them to be either unpreserved for review or without merit.

Cardona, P. J., Mercure, Casey and Carpinello, JJ., concur. Ordered that the judgment is affirmed.