(May 10, 2001)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIDNEY M. WRIGHT, Appellant. [725 NYS2d 711] —Spain, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered October 2, 1998, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

On January 2, 1998, after receiving a tip from a citizen informant that defendant would be traveling by bus from New York City to the City of Elmira, Chemung County, carrying a quantity of cocaine, Elmira police observed defendant exit a bus which had arrived from New York City, walk to a telephone booth and place a call. The police then approached defendant and, with defendant's consent, searched his suitcase and discovered an open bag of balloons and some Vaseline. Defendant then agreed to accompany the police to the police station where he was strip searched and a balloon containing 7.92 grams—just over one fourth of an ounce—of crack cocaine was discovered in his anal cavity. Thereafter, defendant gave a written statement wherein he admitted that he had placed the cocaine in the balloon and secreted it in his rectum while in New York City. He stated that once he reached Elmira, he called two people, including Joyce Brown, to let them know he had arrived in town. Finally, defendant admitted that he had been coming to Elmira for approximately 2½ months and that he had "brought crack cocaine to Elmira, New York, to Joyce Brown on two or three other occasions."

Defendant was charged in a two-count indictment with criminal possession of a controlled substance in the third degree (*see*, Penal Law § 220.16 [1]) and criminal possession of a con-

trolled substance in the fourth degree (see, Penal Law § 220.09 [1]). After a jury trial, defendant was found guilty of both crimes and sentenced as a second felony offender to terms of imprisonment of 10 to 20 years and $7^{1}/_{2}$ to 15 years, respectively, with the sentences to run concurrently. Defendant now appeals and we affirm.

Defendant's central contention is that the expert testimony elicited by the People at trial from two Elmira police officers assigned to the Chemung County Drug Enforcement Unit usurped the jury's fact-finding function and thus deprived him of a fair trial on the criminal possession of a controlled substance in the third degree charge. Specifically, defendant objects to the officers' testimony that, in their experience, they had encountered only sellers secreting cocaine in their rectum, that the quantity of cocaine found in defendant's possession— nearly eight grams—was indicative of a seller and that users typically carry smaller amounts of cocaine, a gram and a half at most. Significantly, defendant did not challenge the qualifications of either officer to testify as an expert and does not so argue on this appeal.

It is well settled that a qualified expert may give testimony to explain terms and methodologies pertaining to drug activity where necessary to fill voids in the evidence or to explain information that would otherwise be beyond the knowledge of the typical juror (see, People v Davis, 235 AD2d 941, 943, lv denied 89 NY2d 1010; People v Rivera, 209 AD2d 151, 152, lv denied 84 NY2d 1037; People v Garcia, 196 AD2d 433, affd 83 NY2d 817). On the other hand, expert testimony which tends to usurp the jury's fact-finding function is inadmissible (see, People v Lamont, 227 AD2d 873, 875; People v Kelsey, 194 AD2d 248, 253; People v Goodwine, 177 AD2d 708, 709, lv denied 79 NY2d 920).

We conclude that County Court properly allowed the officers to express opinions, based on their experiences as narcotics officers, as to whether they had ever encountered a mere user of narcotics—as distinguished from a seller—secreting a substantial quantity of drugs in this fashion, and with respect to the quantity of cocaine typically possessed by individual users of narcotics in the Elmira area, inasmuch as this information would likely be beyond the knowledge of the typical juror and was necessary to give context to defendant's conduct (see, e.g., People v Davis, supra, at 943; People v Rivera, supra, at 151; People v Diaz, 181 AD2d 595, lv denied 79 AD2d 1048; People v Polanco [Camillo], 169 AD2d 551, 552, lvs denied 77 NY2d 959, 965). However, it was error for the court to allow the

experts to take the next step and express their opinion that the quantity of cocaine found in defendant's possession indicated that he was a seller. This opinion evidence was the product of a logical inference drawn from the other facts properly presented by expert testimony (i.e., that defendant was in possession of eight times the amount of cocaine that a user would typically have in his or her possession) and thus within the knowledge of a typical juror (*see, People v Kelsey, supra,* at 253). The officers should not have been permitted to offer testimony directed at the ultimate question of whether defendant possessed the requisite intent to sell on this occasion, a question which should have been left to the jury (*see, People v Lamont, supra,* at 875; *People v Goodwine, supra,* at 709).

Nevertheless, in light of the strength of the record evidence of defendant's guilt, we find that the introduction of improper testimony does not warrant a reversal in this case (*see, People v Crimmins,* 36 NY2d 230). In his voluntary confession, defendant admitted that he had transported drugs to Brown on two "other" occasions, indicating his intent to do so on this occasion as well. This admission, combined with evidence that defendant contacted Brown immediately upon arriving in Elmira with the cocaine, and his possession of items—balloons and Vaseline—used to conceal narcotics in the anal cavity, as well as his concealment of the cocaine in a manner ordinarily only utilized by sellers and his possession of an amount of cocaine which exceeded the amount typically carried by an individual user, provide ample evidence of defendant's possession of a narcotic drug with the intent to "give or dispose of [it] to another" (Penal Law § 220.00 [1] [defining "sell"]; *see,* Penal Law § 220.16 [1]; *People v Davis, supra,* at 943; *People v Goodwine, supra,* at 709). Accordingly, we reject defendant's challenges to the sufficiency and the weight of the evidence.

To the extent that defendant preserved the argument that he was denied due process by improper remarks made by the prosecutor during closing arguments (*see, People v Comer,* 73 NY2d 955, 957), we hold that, "[w]hen viewed in the context of the entire summation and in light of the curative instructions * * * the prosecutor's statements did not have a tendency to prejudice the jury" (*People v Govan,* 268 AD2d 689, 690, *lv denied* 94 NY2d 920). Nor do we find merit in defendant's argument that his sentences were unduly harsh and excessive inasmuch as they were within the statutory parameters and defendant has not shown any "extraordinary circumstances justifying a reduction" (*People v Conway,* 274 AD2d 663, 665).

Mercure, J. P., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.