[741 NYS2d 130]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELI-
CIA TARVER, Appellant.

Third Department, April 11, 2002

## APPEARANCES OF COUNSEL

*Eugene P. Devine, Public Defender,* Albany (*Gloria Herron Arthur* of counsel), for appellant.

*Paul A. Clyne, District Attorney,* Albany (*Christopher D. Horn* of counsel), for respondent.

## OPINION OF THE COURT

Spain, J.

Following a jury trial, defendant was convicted as charged of two counts of criminal possession of a controlled substance in the third degree for knowingly and unlawfully possessing one-half ounce or more of cocaine, with intent to sell it (Penal Law § 220.16 [1], [12]). During an investigation by the City of Albany Police Department and the Federal Bureau of Investigation (hereinafter FBI), three controlled buys of crack cocaine were made from defendant in June 1997, two at her first floor apartment on First Street in Albany and one elsewhere. Thereafter, an Albany Police Department Detective obtained a no-knock warrant from Albany City Court to search defendant's First Street apartment. After a combined *Mapp/Franks/Huntley* hearing, County Court denied defendant's motion to suppress her postarrest statement to police finding that it was voluntary and denied suppression of all of the items seized from the apartment concluding, inter alia, that probable cause existed for City Court to issue the search warrant.

At trial, members of the Albany Police Department testified that when the warrant was executed at approximately 7:30 A.M. on June 27, 1997, they recovered bags containing powdered cocaine and rocks of crack cocaine from beneath a cutout in the floor boards of the closet in the rear bedroom in which defendant was found alone sleeping. The police also seized from the closet and the nightstand in that same bedroom, inter alia, in excess of five ounces of marihuana, razor blades and unused small plastic bags, as well as a variety of personal papers, identification documents and financial records. Defendant's daughter and a male companion, who were present in the other bedroom, did not testify at trial. After being arrested and advised of her rights, defendant told police that she did not know about the cocaine. A State Police forensic scientist testified that the substance seized from defendant's closet tested positive for cocaine and had an aggregate weight of 35.12 grams, i.e., more than one ounce. Notably, evidence regarding defendant's sale of cocaine to confidential informants was not introduced at her trial.

Defendant was sentenced as an admitted second felony offender to concurrent terms of 11 to 22 years on each count. Defendant appeals, challenging, inter alia, the validity of the search warrant, the legal sufficiency and weight of the evidence, the admission of expert testimony concerning the packaging of drugs and drug paraphernalia and the sentence. We affirm.

With regard to the jury's verdict, defendant argues that the People offered insufficient evidence that she constructively possessed the cocaine or that she intended to sell it. Our review of the record demonstrates that the evidence was more than sufficient for the jury to conclude that defendant exercised dominion and control over the bedroom in which the drugs were secreted and, thus, constructively possessed the drugs (*see, People v Manini*, 79 NY2d 561, 573-575; *see also*, Penal Law § 10.00 [8]). When the search warrant was executed, defendant was alone, sleeping in the bedroom. Significantly, among other property, her Social Security card, driver's license, a completed application for public assistance, an identification card and letters regarding food stamps and disability benefits were on her nightstand showing this apartment to be her address. Also present were a utility bill in defendant's name at that address, money orders identifying defendant as the sender and personal letters to defendant mailed to that address bearing postmarks from the prior month. Only female clothing and

shoes were observed in the bedroom and closet. Viewing the evidence in the light most favorable to the People and affording them every favorable inference (*see, People v Acosta*, 80 NY2d 665, 672; *People v Bleakley*, 69 NY2d 490, 495-496), we find that the evidence was sufficient to establish defendant's constructive possession of the cocaine in the closet (*see, People v Powell*, 209 AD2d 879, 880-881, *lv denied* 84 NY2d 1037; *see also, People v Johnson*, 257 AD2d 439, *lv denied* 93 NY2d 900; *People v Diaz*, 220 AD2d 260; *People v Tirado*, 47 AD2d 193, *affd* 38 NY2d 955; *cf., People v Swain*, 241 AD2d 695, 696).

■ On the issue of defendant's intent to sell, we conclude that the evidence amply justified the inference that she possessed the cocaine for resale, thereby establishing this element. Defendant possessed in her bedroom over 35 grams of powder and rocks of crack cocaine (more than one ounce) contained in several baggies—a quantity the experts testified exceeded the amount a user would typically possess—as well as heavy gauge razor blades with apparent cocaine residue, which the experts testified are used to cut crack cocaine rocks into smaller quantities for distribution. She also possessed plastic bags with the corners cut in which, according to the expert testimony, cocaine is ordinarily packaged for sale. We find this evidence sufficient to establish defendant's intent to sell (*see, People v Fallen*, 249 AD2d 771, 771-772, *lv denied* 92 NY2d 879; *People v Belo*, 240 AD2d 964, 966, *lv denied* 91 NY2d 869; *see also, People v Wright*, 283 AD2d 712, 714, *lv denied* 96 NY2d 926; *cf., People v Garcia*, 86 NY2d 27, 35; *People v Lamont*, 227 AD2d 873, 875).

Further, " 'weigh[ing] the relative probative force of [the] conflicting testimony and the * * * conflicting inferences that may be drawn from the testimony' " (*People v Bleakley, supra* at 495, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62), we do not find that the verdict was contrary to the weight of the evidence. The discrepancies in the law enforcement officers' testimony on which defendant relies regarding, for example, the number of nightstands in the bedroom, whether the various pieces of evidence were located inside or on top of the nightstand, whether there was a rug in the closet and the number of closets, were inconsequential and did not undermine the consistent testimony establishing defendant's guilt of the crimes charged.

■ Next, defendant never objected to the expert testimony concerning drug paraphernalia and the packaging of drugs for resale and, thus, the issue is unpreserved for appellate review

(*see*, CPL 470.05 [2]). In any event, we note that defendant did not challenge at trial, nor does she do so on appeal, the qualifications of the law enforcement officers—each of whom had participated in hundreds of arrests for controlled substances—to testify as experts. To the extent that they offered opinions based upon their experiences as narcotics officers that the razor blades, cut baggies and collection of unused baggies found in defendant's bedroom were consistent with the paraphernalia and packaging used in the drug trade, we find no error (*see, People v Wright, supra* at 713; *People v Gaynor*, 257 AD2d 494, *lv denied* 93 NY2d 970; *People v Davis [Martin]*, 235 AD2d 941, 943, *lv denied* 89 NY2d 1010, 1013; *People v Corbitt*, 221 AD2d 809, 811). While it was error for the People to have been permitted to elicit from one of the officers that the cocaine was intended for sale—the ultimate question regarding defendant's intent, a conclusion the officer based upon the facts that it was "a larger quantity than one might expect for personal use" and it was "broken down into rocks"—we find that the error was harmless in view of the overwhelming evidence of defendant's possession with intent to sell (*see, People v Wright, supra* at 714; *People v Goodwine*, 177 AD2d 708, 709, *lv denied* 79 NY2d 920; *see also, People v Crimmins*, 36 NY2d 230, 241-242).

Next, defendant challenges County Court's denial, following the *Mapp/Franks* hearing, of her motion to suppress all items seized from the apartment. The court credited the testimony of the testifying law enforcement officers and found, inter alia, that the People had submitted sufficient evidence to establish probable cause for City Court to issue the search warrant, which was properly executed. A review of the contents of the search warrant application prepared by the Albany Police Department reflects that after receiving information from FBI informants, three controlled buys of crack cocaine were made by informants who reported that defendant kept the cocaine in the rear room on the first floor of that address. Certain telephone calls were recorded between the informants and defendant, and agents and officers visually monitored all of the controlled purchases, the second of which involved an informant wearing a body wire. The informant who made the first two controlled buys had proven to be reliable, having worked with the FBI for several years and contributed to convictions, and two of the controlled buys here occurred at defendant's apartment in the days and weeks prior to the issuance of the warrant. Under these circumstances, we find that

the reliability prong of the *Aguilar-Spinelli* test has been satisfied (*see, Spinelli v United States*, 393 US 410; *Aguilar v State of Texas*, 378 US 108; *People v Griminger*, 71 NY2d 635, 639; *People v Morton*, 288 AD2d 557, 558; *People v Davenport*, 231 AD2d 809, 810, *lv denied* 89 NY2d 921). Further, this same evidence also established the basis of the informants' knowledge (*see, People v Griminger, supra* at 639).

To the extent that defendant challenges as hearsay the FBI reports appended to the warrant application, it is well recognized that police officers applying for a warrant may rely upon statements of fellow officers in an investigation so long as both prongs of the *Aguilar-Spinelli* test are satisfied at every link in the hearsay chain (*see, People v Ketcham*, 93 NY2d 416, 421; *People v Parris*, 83 NY2d 342, 347-348). The reports contain direct accounts of what the FBI agents observed during the controlled buys, and the informant for the second buy wore a body wire enabling the agents to hear the transaction. The Albany Police Department Detective applying for the warrant monitored the third controlled buy. As such, we find that both reliability and basis of knowledge were established as to both the informants and the FBI agents (*see, id.*), and defendant's challenges directed at the truthfulness of the allegations in the warrant application are unsupported (*see, People v Cotroneo*, 199 AD2d 670, *lv denied* 83 NY2d 851; *see also, People v Tambe*, 71 NY2d 492, 503-504; *People v Alfinito*, 16 NY2d 181).

■ Turning to defendant's claims challenging the facial validity and breadth of the search warrant, the warrant directed the police to search "65 First St. 1st [floor] Albany N.Y." and defendant, as the known tenant, describing her by age, race, gender, height and weight, and any other person present, sufficiently specifying the premises and persons to be searched (*see, People v Lopez*, 266 AD2d 735, 736-737, *lv denied* 94 NY2d 922; *People v Davenport, supra* at 810; *see also*, CPL 690.15 [1] [a], [c]; [2]; 690.35 [3]; 690.45). The building contained only one apartment on the first floor and the affidavit of the detective supporting the application, who was present to monitor the third controlled buy, correctly identified the first floor apartment as the premises to be searched. Moreover, defendant has not demonstrated any aspect of the search warrant that was overly broad (*see*, CPL 690.35 [4]; 690.45 [4]-[7]).

■ Additionally, we find no abuse of discretion in County Court's *Sandoval* ruling permitting cross-examination of defendant regarding the facts underlying her five convictions of petit

larceny or criminal possession of stolen property between 1978 and 1986 and the fact that she was convicted in 1986 of class B, C and D felonies for which she was sentenced to 7½ to 15 years' imprisonment (*see, People v Gray*, 84 NY2d 709, 712; *People v Walker*, 83 NY2d 455, 458-459). Permitting inquiry into defendant's theft-related convictions—crimes involving dishonesty—was proper as the acts bore on her credibility and veracity as a witness (*see, People v Sandoval*, 34 NY2d 371, 374, 376-377). Regarding defendant's 1986 convictions, permitting inquiry into the felony level of the crimes and the sentence imposed, but not that they were drug related or the underlying facts, reflects that the court balanced the relevant factors and eliminated the prejudice that may have resulted if the jury were aware that defendant had previously committed drug-related crimes (*see, People v Walker, supra* at 459; *People v Smith*, 59 NY2d 156, 168; *People v Sandoval, supra* at 375, 377-378). To the extent that defendant's disagreement rests on the age of the convictions, there is no bright-line rule of exclusion based upon age or any other factor (*see, People v Gray, supra* at 712), and older convictions have been permitted where, as here, a defendant was incarcerated for extensive periods in the years since the convictions (*see, People v Shakur*, 233 AD2d 793, 796, *lv denied* 89 NY2d 1041; *see also, People v Layman*, 284 AD2d 558, 560, *lv denied* 96 NY2d 903; *People v Young [Supreme]*, 249 AD2d 576, 581, *lv denied* 92 NY2d 906, 908; *People v Teen*, 200 AD2d 785, 786, *lv denied* 83 NY2d 859; *cf., People v Henry*, 222 AD2d 932, *lv denied* 88 NY2d 848).

Finally, in view of defendant's criminal history and other factors, we find no extraordinary circumstances or abuse of discretion warranting a modification of the sentence imposed, which was less than the maximum authorized (*see, People v Dolphy*, 257 AD2d 681, 685, *lv denied* 93 NY2d 872; *see also*, Penal Law § 70.06 [3] [b]; [4] [b]). Defendant's health-related claims in this regard are unsubstantiated (*see, People v Baghai-Kermani*, 221 AD2d 219, 220-221).

Defendant's remaining contentions have been reviewed and determined to be unpreserved or to lack merit.

CARDONA, P.J., PETERS, ROSE and LAHTINEN, JJ., concur.

Ordered that the judgment is affirmed.