■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE HICKS, Appellant. [754 NYS2d 648] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered September 11, 2000, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

After the defendant was arrested in connection with a buy-and-bust operation, the police recovered 14 glassine envelopes containing heroin from his person. The defendant contends that expert testimony offered by the People at trial invaded the jury's exclusive province of determining an ultimate issue of fact. We disagree. The trial court properly allowed the detective, a qualified narcotics expert, to offer his opinion that the packaging of the heroin recovered from the defendant's person was not consistent with personal use (*see People v Tarver,* 292 AD2d 110, *lv denied* 98 NY2d 702; *People v Gallego,* 155 AD2d 687; *People v Jones,* 138 AD2d 405).

Since the detective did not express his opinion on the ultimate issue of the defendant's intent to sell, his testimony did not invade the province of the jury (*see People v Ray,* 272 AD2d 203; *People v Polanco,* 169 AD2d 551; *cf. People v Goodwine,* 177 AD2d 708, 709). Any prejudice to the defendant that may have arisen from the admission of testimony that the recovered heroin appeared to be "packaged for sale" was ameliorated by the trial court's striking of the testimony and issuance of prompt curative instructions to the jury (*see People v Santiago,* 52 NY2d 865; *People v Newby,* 291 AD2d 460). The defendant's challenge to the adequacy of the trial court's curative instructions is unpreserved for appellate review as the defendant failed to object to the curative instructions or to request additional instructions (*see* CPL 470.05 [2]; *People v Santiago, supra; People v Vincent,* 250 AD2d 787; *People v Reyes,* 248 AD2d 412). In any event, any error was harmless in light of the overwhelming evidence of the defendant's guilt (*see People v Williams,* 224 AD2d 725; *People v Hewitt,* 220 AD2d 686;

*People v Goodwine, supra; see also People v Crimmins,* 36 NY2d 230, 241-242). Feuerstein, J.P., Krausman, Mastro and Rivera, JJ., concur.