■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GRADY J. HUNTER, JR., Appellant. [902 NYS2d 678]—

McCarthy, J. Appeal from a judgment of the County Court of Broome County (Cawley, Jr., J.), rendered May 28, 2008, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree.

Police officers stopped a car in which defendant was riding to execute a search warrant that was issued based upon information that he may possess narcotics. After the officers saw defendant with his hands down the back of his pants, they transported him to the police station and conducted a strip search. During that search, they retrieved a large amount of cash from his pocket and, after they saw a plastic bag protruding from defendant's rectum, defendant removed that bag, which contained a white substance. The substance tested positive as crack cocaine. A jury convicted defendant of the sole count of the indictment, criminal possession of a controlled substance in the third degree. Defendant appeals.

Defendant's argument concerning the timeliness of the charge is meritless. The police were not required to arrest him immediately when they discovered the drugs, but could bring charges at a later time (see CPL 30.10 [2] [b] [setting five-year statute of limitations for felonies]). Defendant's arrest two weeks after the search did not violate any of his rights.

County Court properly denied defendant's suppression motion. "[A] strip search must be founded on a reasonable suspicion that [the suspect] is concealing evidence underneath clothing and the search must be conducted in a reasonable manner" (*People v Hall*, 10 NY3d 303, 310-311 [2008], *cert denied* 555 US —, 129 S Ct 159 [2008]). A similar standard applies to visual body cavity searches, requiring a specific and articulable "factual basis supporting a reasonable suspicion that [the suspect] has evidence concealed inside a body cavity and the search is conducted in a reasonable manner" (*id.* at 305). Here,

the officers had a search warrant authorizing them to search defendant's person because he was suspected of possessing narcotics.* Their observations of him fidgeting with his hands down the back of his pants, together with information from a confidential informant that defendant had a habit of carrying narcotics in his rectum, supplied them with reasonable suspicion that defendant was concealing narcotics under his clothing (*see People v Clayton*, 57 AD3d 557, 558-559 [2008], *lv denied* 12 NY3d 852 [2009]). Removing defendant from the street to conduct a private search at the police station, in a closed room with two male officers present, was reasonable. Once an officer noticed a plastic bag protruding from defendant's rectum, the reasonable suspicion was elevated to probable cause (*see People v Hall*, 10 NY3d at 312). The police did not conduct a manual body cavity search, which would have required a warrant (*see id.* at 313); defendant voluntarily removed the bag from his rectum himself. Because the drugs were recovered without violating defendant's rights, the court properly denied his suppression motion.

The verdict was based upon legally sufficient evidence and was not against the weight of the evidence. Two officers testified that defendant had his hands down the back of his pants at the scene where he was detained. During a search of his person, they discovered $1,635 in cash and defendant removed a bag from his rectum. That bag contained 7.34 grams of crack cocaine, as verified by the testimony of a forensic scientist. Defendant was not carrying any paraphernalia customarily used to ingest crack cocaine. An expert witness testified that drug dealers often conceal drugs in their rectums and carry large amounts of cash, while drug users are not likely to hide drugs in that manner or carry much money, but generally carry paraphernalia used to ingest the drugs. The testimony, as well as the drugs and money admitted as physical evidence, constituted legally sufficient evidence to prove that defendant knowingly and unlawfully possessed a narcotic with the intent to sell it (*see* Penal Law § 220.16 [1]; *People v Patchen*, 46 AD3d 1112, 1113 [2007], *lv denied* 10 NY3d 814 [2008]; *People v Wright*, 283 AD2d 712, 713-714 [2001], *lv denied* 96 NY2d 926 [2001]). Although the expert conceded that mere drug users may not always carry paraphernalia with them, could carry large amounts of cash and could secrete drugs in body cavities, the jury could reasonably accept his opinion that the possibility of all of these things happening was unlikely. Considering all of the proof, the verdict was not against the weight of the evidence (*see People v Wright*, 283 AD2d at 714).

---

\* On appeal, defendant does not contest the validity of the search warrant.

Defendant's challenge to the sufficiency of the evidence before the grand jury is foreclosed by his conviction after a jury trial, as the conviction is based upon legally sufficient evidence (*see* CPL 210.30 [6]; *People v Rivette*, 20 AD3d 598, 600-601 [2005], *lv denied* 5 NY3d 809 [2005]).

Mercure, J.P., Peters, Rose and Stein, JJ., concur. Ordered that the judgment is affirmed.