Lahtinen, J.
Appeal from a judgment, of the County Court of Broome County (Smith, J.), rendered October 22, 2012, upon a verdict convicting defendant of the crimes of criminal possession of marihuana in the first degree, criminal sale of marihuana in the first degree, criminal possession of marihuana in the fourth degree and unlawful possession of marihuana (two counts).
As part of an investigation into a possible large scale marihuana distribution ring in Broome County, State Police obtained eavesdropping warrants in the fall of 2010 to intercept *1149 the phone calls of two suspects. Shortly thereafter, police began overhearing calls from defendant to one of the suspects, Adam Randesi, in which marihuana transactions were allegedly discussed. Police then obtained a warrant to eavesdrop on defendant’s cell phone. The investigation continued and, subsequently, as defendant and Randesi drove separate vehicles to a rendezvous purportedly involving a marihuana transaction, both were stopped and arrested. Police recovered over 30 pounds of marihuana and $27,000 in cash from Randesi’s car and, although there was no inculpatory evidence in defendant’s car, upon executing a search warrant at his residence, small quantities of marihuana were seized.
Based upon a theory that he was acting in concert with Randesi, defendant was indicted for two felonies—criminal possession of marihuana in the first degree and criminal sale of marihuana in the first degree. He was also charged in the indictment with one misdemeanor and two violations based upon the marihuana seized at his residence. Defendant was found guilty on all counts by a jury. County Court sentenced him to concurrent three-year prison terms with postrelease supervision on the two felony convictions, and an unconditional discharge on the remaining three convictions. Defendant appeals.
Defendant argues that his two felony convictions were not supported by legally sufficient evidence and were against the weight of the evidence. He premises this argument primarily upon a purported lack of proof that he was acting in concert with Randesi. To establish accessorial liability, the People were required to prove that defendant acted with the requisite mental culpability for the two felonies and that he “solicit[ed], requested], commanded], importun[ed], or intentionally aid[ed]” Randesi in committing the crimes (Penal Law § 20.00; see People v Bello, 92 NY2d 523, 526 [1998]; People v Odom, 36 AD3d 1027, 1028 [2007]; see also Penal Law §§ 221.30, 221.55). With respect to the criminal sale conviction, the statutory term “ ‘sell’ is defined broadly as ‘to sell, exchange, give or dispose of to another, or to offer or agree to do the same’ ” (People v Davis, 14 NY3d 20, 23 [2009], quoting Penal Law § 220.00 [1]; see People v Odom, 36 AD3d at 1028).
Here, evidence included, among other things, recordings of numerous phone calls in which defendant was a participant, together with explanations of the street terminology used therein provided by Norman O’Neil, an experienced police detective who was involved in the investigation. The evidence revealed that defendant made arrangements to pick up a shipment of marihuana from a supplier in New York City, he and *1150 Randesi went to New York City and returned with marihuana, defendant gave control of the shipment to Randesi, who contacted him upon discovering that the shipment was of poor quality and included 32 pounds of marihuana rather than 36 pounds, and defendant then called the supplier and arranged to return the shipment of marihuana. Defendant and Randesi conversed regarding their plans to bring the marihuana back to the supplier and were approaching in separate cars the place from which they planned to embark on their trip to New York City when police stopped and arrested each, discovering over 30 pounds of marihuana in Randesi’s car. Defendant’s participation in the inculpatory calls was confirmed by O’Neil, who recognized defendant’s voice, and by matching the number of the cell phone seized from defendant upon his arrest with the one that was subject to the wiretap. Viewed in the light most favorable to the People, the evidence was legally sufficient to establish defendant’s accessorial liability, as well as each element of the crimes (see People v Matthews, 101 AD3d 1363, 1366 [2012], lv denied 20 NY3d 1101 [2013]). After independently weighing the evidence and considering it in a neutral light, while according deference to the jury’s credibility determinations, we find that the verdict was not against the weight of the evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant next argues that O’Neil’s testimony regarding the recorded phone conversations involving defendant went beyond explaining street terminology and infringed on the jury’s fact-finding function. “[A] qualified expert may give testimony to explain terms and methodologies pertaining to drug activity where necessary to . . . explain information that would otherwise be beyond the knowledge of the typical juror” (People v Wright, 283 AD2d 712, 713 [2001], lv denied 96 NY2d 926 [2001]; see People v Brown, 97 NY2d 500, 505-506 [2002]). However, “expert testimony which tends to usurp the jury’s fact-finding function is inadmissible” (People v Wright, 283 AD2d at 713; see People v Hartzog, 15 AD3d 866, 867 [2005], lv denied 4 NY3d 831 [2005]). Here, tapes of the recorded calls were played for the jury, and O’Neil explained some of the terms used and the nature of the conversation between the parties. Defendant does not contest O’Neil’s qualification to render an opinion regarding drug transactions, and County Court instructed the jury that it was its function to determine what was being said in the recorded calls and what was actually transpiring. O’Neil did not directly express opinions about the ultimate issues of defendant’s intent and knowledge (see People v Wright, 283 AD2d at 714; People v Davis, 235 AD2d 941, 943 [1997], lv denied 89 NY2d 1010 [1997]; cf. People v Lamont, 227 AD2d *1151 873, 875 [1996]). We note that objections were sustained in certain instances where O’Neil started to veer into impermissible testimony and there were no objections as to some of the testimony now challenged so as to properly preserve the issue. In any event, we find no reversible error occurred regarding O’Neil’s testimony (see generally People v Berry, 5 AD3d 866, 867 [2004], lv denied 3 NY3d 637 [2004]).
County Court did not err in denying, without a hearing, defendant’s CPL 330.30 motion asserting that he did not receive the effective assistance of counsel. The allegations set forth in the motion as to such issue were “based on matters outside the record and therefore not properly made pursuant to CPL 330.30 (1)” (People v Hampton, 64 AD3d 872, 876 [2009], lv denied 13 NY3d 796 [2009]). Finding neither an abuse of discretion by County Court nor extraordinary circumstances meriting a reduction of defendant’s sentence, we decline to disturb the sentence (see People v Lerario, 38 AD3d 998, 999 [2007], lv denied 9 NY3d 846 [2007]). The remaining arguments have been considered and lack merit.
Peters, PJ., McCarthy, Garry and Devine, JJ., concur.
Ordered that the judgment is affirmed.