OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
On the record before us, we cannot conclude that the trial court’s failure to grant defendant’s motions for a mistrial was error. Any prejudice to the defendant which might have arisen due to the brief mention of uncharged criminal activity which was made at defendant’s trial was alleviated when the court sustained defendant’s objections and took prompt curative action. Hence, defendant’s motions for a mistrial were properly denied. Moreover, if defendant was of the view that the curative instructions which were given were insufficient, he should have immediately made an application seeking further or more complete instructions. In the absence of such an application, he may not assert the inadequacy of such instructions as error on appeal.
We note also that we find no illegality in the police conduct preceding defendant’s arrest. The initial encounter between defendant and police was lawful because the information supplied by the anonymous informant and the police officer’s observation on the scene furnished the basis for reasonable suspicion. (People v Benjamin, 51 NY2d 267.) Moreover, the minimal intrusion which occurred was reasonably related in scope to the circumstances which rendered its initiation permissible. (See, e.g., People v De Bour, 40 NY2d 210, 222; People v Cantor, 36 NY2d 106, 111.)
*867 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed in a memorandum.