THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER RHAMES, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Goldberg, J.), both rendered June 7, 1990, convicting him of robbery in the first degree under Indictment No. 9461/89, and robbery in the first degree under Indictment No. 3909/90, upon his pleas of guilty, and imposing sentences.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER RHAMES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered May 30, 1990, convicting him of robbery in the first degree and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove his identity as one of the perpetrators of the crime. Viewing the

evidence adduced at trial in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Furthermore, upon the exercise of our factual review power (CPL 470.15 [5]), we find that the verdict was not against the weight of the evidence.

The defendant also argues that he was deprived of his right to a fair trial when a prosecution witness made reference to uncharged crimes. We disagree. Any prejudice to the defendant which may have arisen due to the prosecution witness's brief mention of uncharged criminal activity was alleviated when the court sustained the defendant's objection and took prompt curative action *(see, People v Santiago,* 52 NY2d 865). In light of the court's curative instructions, the court did not err in denying the defendant's request for a mistrial *(see, People v Young,* 48 NY2d 995). Thompson, J. P., Lawrence, Eiber and O'Brien, JJ., concur.