■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY DAVIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Alfano, J.), rendered April 17, 1985, convicting him of murder in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that reversible error occurred because a police witness mentioned uncharged crimes is not preserved for appellate review, since the defendant did not object to the testimony, move for the testimony to be stricken, or base his motion for a mistrial on that testimony *(see, People v Bynum,* 70 NY2d 858; *People v Thomas,* 50 NY2d 467).

In any event, we find that the brief reference to uncharged crimes elicited by defense counsel on cross-examination neither warranted the declaration of a mistrial nor requires reversal of the judgment of conviction. The witness testified that he asked the defendant about "several incidents" and that the defendant proceeded to tell him about them, an indication that the defendant had been charged with other crimes other than those on which he was on trial. We note in this respect that immediately after the witness testified, the court administered a prompt curative instruction, which, we find, was sufficient to dispel any prejudice *(see, People v Santiago,* 52 NY2d 865; *People v Capers,* 170 AD2d 522).

The defendant's claim of error with regard to the prosecutor's opening statement is also not preserved for appellate review and, in any event, the claim is meritless.

The sentence imposed is neither harsh nor excessive *(see,*

*People v Suitte,* 90 AD2d 80). Mangano, P. J., Thompson, Eiber and Ritter, JJ., concur.