■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHALESE BRYANT, Also Known as CHARISE BRYANT, Appellant. [625 NYS2d 24] —Judgment, Supreme Court, Bronx County (Joseph Mazur, J.), rendered November 4, 1993, which convicted defendant, after a jury trial, of robbery in the first degree and sentenced her, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference (People v Malizia, 62 NY2d 755, cert denied 469 US 932), defendant's guilt of robbery in the first degree was proven beyond a reasonable doubt. The evidence established that while the victim was held at knifepoint by Michael Wilson, defendant rifled through the victim's pockets and removed twenty-five dollars. Moreover, the jury's determinations of fact and credibility, not unreasonable, will not be disturbed by this Court (People v Adams, 194 AD2d 398, lv denied 82 NY2d 713). Further, upon an independent review of the facts, the verdict is not against the weight of the evidence.

Defendant's claim that the court's curative instructions regarding her codefendant's absence from the trial deprived her of a fair trial is unpreserved for appellate review as a matter of law (People v Santiago, 52 NY2d 865), and we decline to review it in the interest of justice. Were we to review it, we would find that it is without merit inasmuch as

the curative instructions, which the jury is presumed to have followed *(People v Berg,* 59 NY2d 294, 299-300), were more than adequate to protect defendant against any prejudice or speculation arising from the absence of the codefendant from the trial. Concur—Sullivan, J. P., Wallach, Nardelli, Williams and Mazzarelli, JJ.