■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SMITH, Appellant. [641 NYS2d 537] —Judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered December 7, 1993, convicting defendant, after a jury trial, of criminal sale of controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

Defendant's claim that he was deprived of a fair trial by the undercover officer's testimony that prerecorded buy money is not recovered in 50% of buy and bust cases, and by the prosecutor's use of this testimony in summation to support an argument that defendant was a sophisticated drug dealer, is unpreserved for appellate review as a matter of law (CPL 470.05 [2]), and we decline to review it in the interest of justice. Concur—Rosenberger, J. P., Wallach, Rubin, Kupferman and Tom, JJ.

■ BARBARA McNAMARA et al., Appellants, v WARREN A. ESTIS et al., Respondents. BARBARA McNAMARA et al., Appellants, v THERESA J. HECKER, Respondent, et al., Defendants. [641 NYS2d 263] —Order, Supreme Court, New York County (Stephen Crane, J.), entered October 18, 1994, which denied plaintiffs' motions for summary judgment in the two above-named actions and granted defendants' motions for summary judgment dismissing each complaint, unanimously affirmed, with costs.

Initially, we note that plaintiffs do not challenge the IAS Court's finding that the fraud claim in the first above-named action is barred by res judicata/collateral estoppel principles as a result of a related action. In any event, as a matter of law, the fraud claims against defendants in both of these actions are without merit, since plaintiffs have made no showing, with regard to either the application for the issuance of warrants of eviction or the inadvertent issuance of the 72 hour notice of eviction, that any of defendants made any misrepresentation in order to mislead plaintiffs or have them rely thereon to their detriment. With respect to plaintiffs' attorney misconduct claims under Judiciary Law § 487, they have failed to show an intent to deceive. As the IAS Court noted, defendants kept their adversaries and the Civil Court advised as to their intention to act on the eviction warrants and their reasons for doing so. Plaintiffs' request for punitive damages is utterly without merit, since there is no basis for claiming that the issuance of the 72 hour notice of eviction was egregious and beyond the bounds of civilized behavior. Concur—Rosenberger, J. P., Wallach, Rubin, Kupferman and Tom, JJ.