■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS REYES, Appellant. [654 NYS2d 333] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered July 24, 1995, convicting him of attempted murder in the second degree, burglary in the first degree, robbery in the first degree (three counts), assault in the first degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The victims operate a wholesale trading business from their

home, and had a business relationship with the defendant and his brother. On March 11, 1994, the defendant, his brother, and others broke into the home of the victims, beat them, shot one of them twice, and stole approximately $11,000 in cash, electronics equipment, and other goods. Although the perpetrators wore masks, two of the victims recognized the defendant and his brother, who were arrested the following day.

The defendant failed to preserve for appellate review his contention that the evidence is legally insufficient to support his conviction (see, CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility and the weight to be accorded the evidence are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant received meaningful representation (see, People v Baldi, 54 NY2d 137), and his sentence is not unduly harsh and excessive (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review (see, CPL 470.05 [2]) or without merit. Bracken, J. P., O'Brien, Thompson and Pizzuto, JJ., concur.