■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVIER REYES, Appellant. [670 NYS2d 192] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered July 21, 1995, convicting him burglary in the first degree, robbery in the first degree (three counts), assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The victims operated a wholesale trading business from their home and had a business relationship with the defendant and his brother. On March 11, 1994, the defendant, his brother, and others broke into the home of the victims, beat them, shot one of them twice, and stole approximately $11,000 in cash, electronics equipment, and other goods. Although the perpetrators wore masks, nevertheless, two of the victims recognized the defendant and his brother, who were arrested the following day and jointly tried.

Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Any prejudice to the defendant that might have arisen due to the brief mention of his inability to support his family was alleviated when the court struck the offending testimony and issued prompt curative instructions. Moreover, if the defendant believed that the curative instructions were insufficient, he should have immediately made an application for additional instructions. In the absence of such an application, the appellant may not assert the inadequacy of the instructions as an

error on appeal (*see, People v Santiago,* 52 NY2d 865; *see also, People v Blasich,* 73 NY2d 673; *People v Ogelsby,* 128 AD2d 556; *People v Jalah,* 107 AD2d 762).

In view of this Court's deterimination that the defendant's brother received meaningful representation (*see, People v Reyes,* 236 AD2d 427), there is no merit to the defendant's contention that because his brother's attorney was blatantly ineffective, the defendant's attorney, in effect, represented both him and his brother, depriving the defendant of the effective assistance of counsel.

The defendant's remaining contentions are unpreserved for appellate review (*see,* CPL 470.05 [2]) and, in any event, without merit. Sullivan, J. P., Friedmann, Florio and Luciano, JJ., concur.