■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS BROWN BEY, Appellant. [682 NYS2d 592] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), rendered November 19, 1996, convicting defendant, after a jury trial, of robbery in the second degree, assault in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to concurrent terms of 9 years, 6 years and 3 to 6 years, respectively, unanimously affirmed.

The court properly exercised its discretion in denying defendant's motion for a mistrial based on improper rebuttal testimony, choosing instead to strike the testimony and give a curative instruction that the jury is presumed to have followed (*see, People v Santiago*, 52 NY2d 865).

Defendant's challenge to one of the court's supplemental instructions is unpreserved and we decline to review it in the interest of justice (*People v Gruttola*, 43 NY2d 116; *People v Marrero*, 219 AD2d 518). Were we to review this claim, we would find that the supplemental charge responded meaningfully to the question posed by the jury, which did not, in context, require repetition of the entire definition of robbery (*see, People v Almodovar*, 62 NY2d 126, 131; *People v Malloy*, 55 NY2d 296, *cert denied* 459 US 847). Concur—Ellerin, J. P., Wallach, Tom and Andrias, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT MARTINEZ, Appellant. [682 NYS2d 593] —Judgments, Supreme Court, Bronx County (Barbara Newman, J.), rendered June 6, 1997, convicting defendant, after a jury trial, of assault in the second degree, and upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 3 to 6 years and 4 to 8 years, respectively, unanimously affirmed.

Defendant's guilt of assault in the second degree was proven beyond a reasonable doubt and the verdict was not against the weight of the evidence. The justification defense was properly placed before the jury and its determinations of fact and credibility are supported by the record (*People v Bleakley*, 69 NY2d 490). Concur—Ellerin, J. P., Wallach, Tom and Andrias, JJ.