■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REECE L. MIMS, Appellant. [717 NYS2d 446] —Judgment unanimously affirmed. Memorandum: There is no merit to defen-

dant's contention that County Court improvidently exercised its discretion in denying defendant's motion for a mistrial. A police officer unexpectedly testified during cross-examination that the police were investigating defendant because he was "notorious" for "selling crack cocaine." Defense counsel objected to the officer's unresponsive answer. Any prejudice to defendant that might have arisen from that answer was alleviated when the court sustained defendant's objection and took prompt curative action by instructing the jury to disregard the officer's comment (*see, People v Santiago*, 52 NY2d 865, 866; *People v Arce*, 42 NY2d 179, 187). At the close of the People's case, defense counsel moved for a mistrial based on the officer's reference to prior uncharged criminal conduct. The court denied the motion, but granted defendant's alternative request for a further curative instruction, which the jury is presumed to have followed (*see, People v Berg*, 59 NY2d 294, 299-300; *People v Cruz*, 272 AD2d 922, 923, *lv granted* 95 NY2d 859). Under the circumstances, the court's refusal to grant a mistrial was a proper exercise of discretion (*see, People v Mosley*, 170 AD2d 990, *lv denied* 77 NY2d 964).

Defendant further contends that the comments of the prosecutor during her opening statement unduly prejudiced defendant and deprived him of his right to a fair trial. Defendant failed to preserve that contention for our review (*see,* CPL 470.05 [2]; *People v Smith*, 226 AD2d 258, *lv denied* 88 NY2d 942), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Finally, defendant contends that he was deprived of his right to a fair trial when the prosecutor cross-examined him concerning a deceased friend who was an alleged drug dealer. We disagree. Any prejudice that might have arisen therefrom was alleviated when the court sustained defendant's objection to the questioning and took prompt curative action (*see, People v Santiago, supra,* at 866; *People v Arce, supra,* at 187). (Appeal from Judgment of Niagara County Court, Broderick, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pigott, Jr., P. J., Pine, Wisner, Scudder and Lawton, JJ.