■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD DRUMGO, Appellant. [765 NYS2d 26] —Judgment, Supreme Court, New York County (John Cataldo, J.), rendered May 9, 2001, convicting defendant, after a jury trial, of robbery in the first degree (three counts), assault in the first degree (two counts), criminal use of a firearm in the first degree and criminal possession of a weapon in the second degree, and

sentencing him, as a second felony offender, to concurrent terms of 22 years (three terms), 15 years (two terms), 10 years and 5 years, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. The showup identifications occurred within very close spatial and temporal proximity to the crime and were part of an unbroken chain of events. The fact that a witness had already identified defendant did not render the showup inappropriate, and there was nothing unduly suggestive about the manner in which the showup was conducted (*see People v Duuvon*, 77 NY2d 541, 545 [1991]).

The challenged portions of the prosecutor's summation generally constituted fair comment on the evidence, made in response to defense attacks on the credibility of prosecution witnesses, and there was no pattern of egregious remarks warranting reversal (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). The court's curative instruction was sufficient to prevent such portions of the summation that might be viewed as objectionable from causing any prejudice (*see People v Santiago*, 52 NY2d 865 [1981]).

We perceive no basis for reducing the sentence. Concur— Nardelli, J.P., Mazzarelli, Andrias, Saxe and Williams, JJ.