■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY CARABALLO, Appellant. [791 NYS2d 415]—Judgment, Supreme Court, Bronx County (Margaret Clancy, J.), rendered November 8, 2002, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds and criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). There is no basis for disturbing the jury's determinations concerning identification and credibility. The undercover officer made a highly reliable identification of defendant.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]; *People v Pavao*, 59 NY2d 282, 292 [1983]). Defendant' prior drug convictions were probative of his credibility and were not unduly prejudicial.

Since the court provided the precise curative instructions requested by defendant, and defendant did not request any further remedy, his challenge to evidence that allegedly suggested or implied that he committed an uncharged crime is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the curative instructions were sufficient to prevent any prejudice (*see People v Santiago*, 52 NY2d 865 [1981]).

We perceive no basis for reducing the sentence. Concur— Andrias, J.P., Sullivan, Williams, Gonzalez and Catterson, JJ.