THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS CAZARES, Appellant. [860 NYS2d 111]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered June 9, 2006, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree, criminal possession of a weapon in the fourth degree (two counts) and criminal possession of marijuana in the fourth degree, and sentencing him to an aggregate term of eight years, unanimously affirmed.

The court properly exercised its discretion in denying defendant's mistrial motion, made when a prosecution witness began to refer to a portion of the nontestifying codefendant's statement that incriminated defendant. An objection cut this testimony off in midsentence, and the court struck it from the record. The court's curative action was sufficient to prevent any prejudice (see *People v Santiago*, 52 NY2d 865 [1981]). In any event, any error was harmless in view of the overwhelming evidence of defendant's guilt (see *People v Smith*, 97 NY2d 324

[2002]), which included multiple witnesses, wiretap evidence, and defendant's own confession.

The challenged portions of the prosecutor's summation remarks generally constituted fair comment on properly admitted evidence (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]), and the prosecutor did not attempt to exploit the stricken testimony. Although the prosecutor mischaracterized the extent of defendant's statements, the error was likewise harmless. Defendant's argument concerning the prosecutor's allegedly improper display of an exhibit to the jury during summation is unreviewable for lack of a sufficient record. Concur—Saxe, J.P., Nardelli, Moskowitz, Acosta and DeGrasse, JJ.