█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL DELOSSANTOS, Appellant. [899 NYS2d 160]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered June 16, 2006, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first degree, and sentencing him to an aggregate term of eight years, unanimously affirmed.

Defendant did not preserve his claim under *Bruton v United States* (391 US 123 [1968]) that portions of the nontestifying,

jointly tried codefendant's statement implicated him and thereby violated his right of confrontation, and we decline to review it in the interest of justice. As an alternative holding, we conclude that the statement did not violate defendant's constitutional rights. In any event, any error was harmless in view of the overwhelming evidence of defendant's guilt (*see People v Smith*, 97 NY2d 324 [2002]). We also reject defendant's ineffective assistance of counsel claim regarding this evidence.

Defendant also complains that a prosecution witness improperly referred to defendant's own statement, in violation of an alleged order or agreement precluding that statement for the purpose of protecting the codefendant's *Bruton* rights. However, no such order or agreement appears in the record, and even to the extent the record suggests it may have existed in some form, it does not establish it was intended to exclude that portion of the statement in which defendant only incriminated himself. In any event, defendant's statement was plainly admissible against himself, and he has not shown how he, as opposed to the codefendant, was prejudiced.

The court properly exercised its discretion in denying defendant's mistrial motion made when a prosecution witness inadvertently read from an unredacted transcript of an intercepted phone call, thereby revealing information that, according to defendant, suggested the possibility of an uncharged drug sale. The offending testimony was cut off after only a few words, and the court's curative actions were sufficient to prevent any prejudice (*see People v Santiago*, 52 NY2d 865 [1981]). In any event, any error was harmless.

We have considered defendant's remaining claims and conclude that none of them warrant reversal. Concur—Tom, J.P., Mazzarelli, Nardelli, Acosta and Renwick, JJ.