Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered May 31, 2002, as amended December 5, 2008, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, criminal sale of a controlled substance in or near school grounds, and criminal possession of a controlled substance in the third and fifth degrees, and sentencing him to an aggregate term of 3 to 9 years, unanimously affirmed.
In this observation sale case, the court properly exercised its discretion in permitting testimony that the police chose their observation post in response to complaints about drug sales on that block, and specifically in front of the particular building. This testimony was relevant as background information to explain the selection of that location and to avoid the possibility of jury speculation as to why that location was targeted (see e.g. People v Williams, 13 AD3d 131 [1st Dept 2004], lv denied 4 *532 NY3d 837 [2005]). Although defendant objected on the ground of relevance, he did not assert that this testimony was prejudicial. In any event, any prejudice was prevented by the court’s limiting instruction, which cautioned the jury that the prior complaints had nothing to do with defendant.
The court properly exercised its discretion in denying defendant’s mistrial motion, made after a police witness under cross-examination referred to defendant’s prior drug-related arrest. Defense counsel, although aware of defendant’s prior arrest in the same building, clearly invited this testimony by pursuing a line of questioning about whether the detective knew defendant prior to the day of the charged sale. The court struck this testimony and gave curative instructions that were sufficient to prevent any prejudice (see People v Santiago, 52 NY2d 865 [1981]), and which the jury is presumed to have followed (see People v Davis, 58 NY2d 1102, 1104 [1983]).
By failing to object, making general objections or failing to request any specific further relief after the court sustained an objection, defendant failed to preserve his present challenges to the prosecutor’s summation (see People v Romero, 7 NY3d 911, 912 [2006]), and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D’Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). The court’s curative actions were sufficient to prevent any improprieties from causing prejudice. Concur — Andrias, J.P., Friedman, DeGrasse, Freedman and Abdus-Salaam, JJ.