■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL MARTINEZ, Appellant. [26 NYS3d 29]—

Judgment, Supreme Court, Supreme Court, New York County (Michael J. Obus, J.), rendered May 9, 2008, convicting defendant, after a jury trial, of murder in the second degree and criminal solicitation in the second degree, and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations.

The court properly exercised its discretion in admitting limited evidence of uncharged crimes that provided background information explaining the testimony of several witnesses and was directly relevant to refute defendant's defense (*see generally People v Alvino*, 71 NY2d 233, 241-242 [1987]). The probative value of this evidence outweighed any prejudicial effect, which was minimized by the court's appropriate limiting instructions.

The court properly exercised its discretion in denying defendant's mistrial motion made after a witness's improper comments. The court gave curative instructions that were sufficient to prevent any prejudice (*see People v Santiago*, 52 NY2d 865 [1981]), and that the jury is presumed to have followed (*see People v Davis*, 58 NY2d 1102, 1104 [1983]).

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Although defendant made an unsuccessful CPL 440.10 motion, he failed to obtain permission to appeal to this Court, and that motion is thus not before us. Accordingly, we are limited to the trial record (*see People v Evans*, 16 NY3d 571, 575 [2011]), which is inadequate to permit review of defendant's claims. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]).

Defendant's remaining claims, including those relating to the prosecutor's summation and the circumstances of defendant's return to the United States for trial, are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. Concur—Mazzarelli, J.P., Sweeny, Manzanet-Daniels and Gische, JJ.