■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL LINTON, Appellant. [29 NYS3d 165]—

Judgment, Supreme Court, New York County (Patricia M. Nunez, J.), rendered October 6, 2011, as amended November 10, 2011, convicting defendant, after a jury trial, of criminal possession of stolen property in the fourth and fifth degrees, and sentencing him, as a second felony offender, to an aggregate term of 2 to 4 years, unanimously affirmed.

The court properly exercised its discretion in denying defendant's mistrial motion, made after a police witness revealed uncharged crime evidence that the court had precluded. The court sustained defense counsel's objection, struck the response, recalled the witness to give clarifying testimony favorable to defendant and twice provided curative instructions which the jury is presumed to have followed (*see People v Davis*, 58 NY2d 1102, 1104 [1983]). These curative actions were sufficient to prevent any possible prejudice (*see People v Santiago*, 52 NY2d 865 [1981]).

The court also properly exercised its discretion in permitting a police witness to provide background evidence, based on his experience, concerning "lush workers" and police lush worker operations (*see People v Bright*, 111 AD3d 575 [1st Dept 2013], *lv denied* 22 NY3d 1137 [2014]). This testimony tended to explain the actions of both defendant and the police surveillance team throughout the course of events, and it was not unduly prejudicial. Concur—Mazzarelli, J.P., Friedman, Andrias, Moskowitz and Kahn, JJ.