■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN BELLO, Appellant. [40 NYS3d 385]—

Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered December 22, 2010, as amended January 6, 2011, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, criminal possession of marihuana in the second degree and criminally using drug paraphernalia in the second degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to an aggregate term of seven years, unanimously affirmed.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant asserts that his counsel should have objected to a recording on hearsay and inaudibility grounds. However, on the existing record, defendant has not shown that counsel's failure to make either of these arguments was objectively unreasonable, that either objection would have resulted in exclusion of the recording, or that exclusion of the recording would have affected the outcome of the trial.

The court providently exercised its discretion in refusing to declare a mistrial after a police witness referred to defendant's "parole ID," which was recovered from his apartment. The court immediately delivered a curative instruction that the jury should disregard that testimony, thus alleviating any prejudice from the brief suggestion that defendant had a criminal record (*see People v Santiago*, 52 NY2d 865 [1981]). The jury is presumed to have followed the court's instruction (*see People v Davis*, 58 NY2d 1102, 1104 [1983]).

The particular portions of the prosecutor's summation to which defendant objected as misstatements of the law and evidence constituted reasonable inferences regarding the evidence, were generally responsive to defendant's summation and do not warrant reversal. Defendant's remaining challenges to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. As an alternative

holding, we similarly find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1992]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). Concur—Friedman, J.P., Andrias, Moskowitz, Gische and Gesmer, JJ.