■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMIAN JONES, Appellant. [52 NYS3d 83]—

Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered August 8, 2013, as amended October 2, 2013, convicting defendant, after a jury trial, of enterprise corruption, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The verdict was supported by legally sufficient evidence, and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence demonstrated the existence of a criminal enterprise (*see* Penal Law §§ 460.10 [3]; 460.20 [1] [a]), with a common purpose of making money by obtaining stolen motorcycles and reselling them in the United States and overseas (*People v Wright*, 139 AD3d 1094, 1098-1100 [3d Dept 2016], *lv denied* 28 NY3d 939 [2016]). There was a sufficiently ascertainable structure in which members of the enterprise played specific roles and worked collaboratively to effectuate the common purpose of the enterprise. There were procurers like defendant, who stole the bikes on the streets, distributors or brokers who found a market for the bikes, and dealers who resold the stolen bikes in the United States and overseas. In addition, the enterprise members worked together to swap parts on bikes, alter vehicle identification numbers, and remove any antitheft devices. Bikes were also shipped overseas, which could only be done through clandestine methods in packing them in shipping containers, and which required the coordination of an employed shipper (*see People v Conigliaro*, 290 AD2d 87, 88 [2d Dept 2002], *lv denied* 98 NY2d 650 [2002]). In addition, the enterprise operated for at least well over a year. The evidence demonstrated a level of coordinated activity that went beyond what would be expected in a mere market, and instead evinced the existence of a distinct criminal enterprise with a common purpose and ascertainable structure (*see People v Western Express Intl., Inc.*, 19 NY3d 652, 658-659 [2012]).

Regarding defendant's knowledge of and participation in the enterprise, defendant met over 40 times with one of the other members, directly interacted with three other members on more than one occasion, sold four motorcycles on three different dates, and transacted business at his house. The evidence warrants an inference that he knew of and intentionally participated in the enterprise (*see People v Kancharla*, 23 NY3d 294, 305-306 [2014]).

Defendant, who only objected on grounds relating to uncharged crimes and lack of notice thereof, failed to preserve the distinct claim that the People constructively amended the indictment, and we decline to review it in the interest of justice. As an alternative holding, we find no material variance between the People's trial theory and the theory alleged in the indictment (*see generally People v Grega*, 72 NY2d 489, 495-496 [1988]). Where defendant was alleged to have participated in the criminal enterprise by acting as a procurer of stolen

motorcycles, admission of evidence at trial that he altered certain identifying evidence on the stolen motorcycles was not an additional theory of criminal liability.

We find the repeated mistakes and missteps taken by the prosecution troubling. Nonetheless the ameliorative action taken by the trial judge, including curative instructions and striking the October 24 incident as a pattern act for the enterprise corruption charge, were appropriate to ensure that the defendant did not suffer any prejudice (*see People v Santiago*, 52 NY2d 865 [1981]). Concur—Friedman, J.P., Sweeny, Moskowitz, Gische and Kapnick, JJ.