People v Walters (2018 NY Slip Op 04294)





People v Walters


2018 NY Slip Op 04294


Decided on June 12, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2018

Richter, J.P., Webber, Kahn, Kern, Oing, JJ.


6853 3726N/14

[*1]The People of the State of New York, Respondent,
v
Gerald Walters, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Brittany N. Francis of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Valerie Figueredo of counsel), for respondent.



Judgment, Supreme Court, New York County (Anthony J. Ferrara, J.), rendered September 30, 2015, convicting defendant, after a jury trial, of 10 counts of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to concurrent terms of 10 years, unanimously affirmed.
The court providently exercised its discretion in denying defendant's mistrial motion, made when, in response to a question calling for confidential police information, a detective warned that if defendant learned this information he could "make phone calls out of Rikers Island." The court struck this remark and gave a thorough curative instruction, the language of which was approved by defendant, although he still sought the drastic and unwarranted remedy of a mistrial. The court's curative actions were sufficient to prevent any prejudice (see People v Santiago, 52 NY2d 865 [1981]). In any event, any error was harmless in view of the overwhelming evidence of defendant's guilt.
Defendant's claim that his attorney was ineffective for failing to request an adverse inference instruction regarding the loss by the police of certain text messages and a memo book is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claim may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Regardless of whether counsel should have requested an adverse inference charge, defendant has not shown that, if so instructed, there is a reasonable probability that the jurors would have actually drawn such an inference regarding this plainly inadvertent loss of discoverable material, or that even if they drew such an inference it would have affected the verdict.
The court's Sandoval ruling balanced the appropriate factors
and was a proper exercise of discretion (see People v Hayes, 97 NY2d 203 [2002]). In any event, any error in the court's ruling was harmless (see People v Grant, 7 NY3d 421, 424-425 [2006]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 12, 2018
CLERK