The People of the State of New York, Respondent,
against
Stephen C. Swett, Appellant. 




John P. Savoca, for appellant.
Westchester County District Attorney (William C. Milaccio of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of Yorktown, Westchester County (Gary J. Raniolo, J.), rendered July 12, 2018. The judgment convicted defendant, upon a jury verdict, of criminal contempt in the second degree, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged with criminal contempt in the second degree (Penal Law § 215.50 [3]) in an accusatory instrument which alleged that defendant had violated an order of protection directing defendant to stay away from the victim and to refrain from communicating with her. Following a jury trial, defendant was convicted of the charge and has served his sentence of one year in jail. 
Turning first to defendant's contention that the verdict was against the weight of the evidence, a person is guilty of criminal contempt in the second degree when he or she engages in the conduct of "[i]ntentional disobedience or resistance to the lawful process or other mandate of a court" (Penal Law § 215.50 [3]). The essential elements of criminal contempt in the second degree are that a lawful order of the court was in effect, that the defendant had knowledge of its provisions and that [*2]the defendant intentionally disobeyed the order (see Matter of McCormick v Axelrod, 59 NY2d 574, 583 [1983]; People v Ali, 63 Misc 3d 70, 71 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; People v Celifie, 47 Misc 3d 133[A], 2015 NY Slip Op 50466[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; People v Labagh, 40 Misc 3d 54, 56-57 [App Term, 2d Dept, 9th & 10th Jud Dists 2013]). 
At trial, a copy of the order of protection, which was in effect on the date of the conduct charged herein, was admitted into evidence. The order of protection provided, among other things, that defendant shall stay away from the victim and refrain from communication with the victim and, further, indicated that defendant was aware of the order and its contents. The prosecution established that, on April 5, 2017, defendant drove past the victim while she was working on a public road and then returned, stopped his vehicle across from her and mouthed the words "I love you" while staring at her; and the defense did not refute this showing (see People v Ali, 63 Misc 3d at 71). Defendant's intent to disobey the order of protection is readily inferable from his conduct (see People v Tomassi, 55 Misc 3d 150[A], 2017 NY Slip Op 50730[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]). Although defendant's communication with the victim may be deemed to be non-threatening in nature and brief in duration, the order of protection indicated that any type of communication with the victim was prohibited. Therefore, upon the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 343, 348-349 [2007]), while according great deference to the jury's opportunity to view the witness, hear her testimony, observe her demeanor, and assess her credibility (see People v Romero, 7 NY3d 633, 644-645 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that the verdict was not against the weight of the evidence (see People v Aikey, 153 AD3d 1603, 1604-1605 [2017]).
With respect to defendant's contention that the Justice Court should have granted defendant's motion for a mistrial after the prosecutor elicited testimony from the victim regarding defendant's prior abusive behavior toward her, we note that, contrary to defendant's contention, such testimony was relevant to provide necessary background information on the nature of the relationship between the victim and defendant and to explain the issuance of the order of protection (see People v Shoshi, 177 AD3d 779 [2019]; People v Laverpool, 52 AD3d 622, 622 [2008]). In any event, any prejudice to defendant that might have resulted from that testimony was alleviated when the Justice Court sustained defendant's objection and took prompt curative actions of striking the testimony and instructing the jury to disregard the testimony (see People v Santiago, 52 NY2d 865, 866 [1981]; People v Arce, 42 NY2d 179, 187 [1977]; People v Gethers, 151 AD3d 1398, 1402 [2017]). The court further instructed the jury, during final jury instructions, to disregard any testimony that had been stricken from the record, which the jury is presumed to have followed (see People v Guzman, 76 NY2d 1, 7 [1990]; People v McManus, 150 AD3d 762, 763 [2017]). Therefore, the court properly exercised its discretion in denying defendant's motion for a mistrial based on the testimony (see People v Young, 48 NY2d 995, 996 [1980]; People v Mims, 278 AD2d 822, 822 [2000]). 
Finally, since defendant has fully served his sentence, his contention that the sentence was unduly harsh or excessive has been rendered academic (see People v Nicholson, 31 AD3d 468, 469 [2006]; People v Brucelis, 59 Misc 3d 132[A], 2018 NY Slip Op 50471[U] [App Term, 2d Dept, 9th [*3]& 10th Jud Dists 2018]; People v Marrow, 52 Misc 3d 136[A], 2016 NY Slip Op 51046[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). 
Accordingly, the judgment of conviction is affirmed. 
TOLBERT, J.P., ADAMS and RUDERMAN, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 16, 2020