People v Perez (2020 NY Slip Op 07464)





People v Perez


2020 NY Slip Op 07464


Decided on December 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020

Before: Friedman, J.P., Kapnick, Webber, Kern, Singh, JJ. 


Ind No. 600/14 600/14 Appeal No. 12591 Case No. 2018-871 

[*1]The People of the State of New York, Respondent,
v
Jesswill Perez, Defendant-Appellant.


Roma Baran, New York, for appellant.
Jesswill Perez, appellant pro se.
Darcel D. Clark, District Attorney, Bronx (T. Charles Won of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Nicholas J. Iacovetta, J.), rendered December 15, 2016, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 20 years to life, unanimously affirmed.
The court providently exercised its discretion when it directed the jury to disregard certain matters that should have been excluded but denied defendant's mistrial motions (see People v Santiago , 52 NY2d 865 [1981]). The prosecutor inadvertently played a portion of a videotape of defendant's statement to the police that should have been redacted pursuant to a prior ruling, and a detective's testimony that he issued an I-card indicating that defendant was wanted for a crime incorrectly implied that the I-card pertained to the charged shooting. Nonetheless, the drastic remedy of a mistrial was unnecessary in this case because the court's thorough curative instructions as to these matters, which the jury is presumed to have followed (see People v Davis , 58 NY2d 1102, 1104 [1983]), minimized any prejudice. In any event, any error was harmless in light of the overwhelming evidence of guilt (see People v Crimmins , 36 NY2d 230 [1975]).
We have considered the arguments raised in defendant's pro se supplemental brief and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2020