People v Rizzo (2022 NY Slip Op 00276)





People v Rizzo


2022 NY Slip Op 00276


Decided on January 18, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2022

Before: Renwick, J.P., Webber, Oing, Scarpulla, Pitt, JJ. 


Ind. No. 1017/18 Appeal No. 15069 Case No. 2019-5179 

[*1]The People of the State of New York, Respondent,
v
James Rizzo, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Hunter Haney of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Malancha Chanda of counsel), for respondent.



Judgment, New York County (Felicia A. Mennin, J.), rendered May 14, 2019, convicting defendant, after a jury trial, of burglary in the third degree (two counts), and sentencing him, as a second felony offender, to concurrent terms of 2½ to 5 years, unanimously affirmed.
The verdict, which rejected defendant's intoxication defense, was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. Defendant was convicted of two burglaries, based on shoplifting incidents on different days in a store from which he had been barred by way of a trespass notice. There was ample evidence to refute defendant's defense, including videos of both crimes, as well as a video of defendant signing the trespass notice, in which he exhibited no signs of intoxication. Nevertheless, defendant claimed that at the time of the two burglaries, as well as at the time he received the trespass notice, his intoxication permitted him to appear to be functioning normally, but caused "blackouts" that prevented him from understanding that he was prohibited from entering the store, or forming the intent necessary for burglary. This claim was based on defendant's own testimony, which the jury was entitled to discredit, and it was not corroborated by the medical records he introduced or by anything else in the record.
The court providently exercised its discretion in denying defendant's mistrial motion, made after the prosecutor elicited testimony on cross-examination of defendant that indirectly referenced an uncharged crime, consisting of an earlier entry by defendant into the store in question on the day of one of the charged crimes. That brief testimony caused little or no prejudice in the context of the case, and the court's curative instructions directing the jury to disregard the testimony rectified any possible prejudice (see People v Santiago, 52 NY2d 865 [1981]). Defendant claims that this testimony, and the prosecutor's failure to disclose that there were two entries on the day of the first burglary (rather than one entry with an apparent discrepancy as to the time), prejudiced his defense. However, we find that the court's instruction, which the jury is presumed to have followed (see People v Davis, 58 NY2d 1102, 1104 [1983]), to disregard the minimal testimony at issue was sufficient to prevent the prejudice asserted by defendant.
We perceive no basis for reducing the sentence. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2022