People v Jesurum (2024 NY Slip Op 02376)

People v Jesurum

2024 NY Slip Op 02376

Decided on May 02, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 02, 2024

Before: Webber, J.P., Oing, Rodriguez, Higgitt, Michael, JJ. 

Ind. No. 3593/18 Appeal No. 2197 Case No. 2022-04700 

[*1]The People of the State of New York, Respondent,
v
Marcos Jesurum, Defendant-Appellant.

Glenn A. Garber, P.C., New York (Glenn A. Garber of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.

Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered September 28, 2022, convicting defendant, after a jury trial, of two counts of attempted criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of five years, unanimously affirmed.
Even assuming defendant preserved his objection to the court's supplemental instruction, we find that the court responded meaningfully to the jury's request for further instruction (see People v Almodovar , 62 NY2d 126, 131 [1984]).
Defendant's argument regarding an alleged variance between the indictment and the trial evidence is also unpreserved, and we decline to address it in the interest of justice. As an alternative holding, we find no material variance that would require reversal.
Defendant further did not preserve his claim that the court's refusal to instruct the jury that law-abiding citizens could lawfully carry firearms for the purpose of self-defense, in accordance with New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]), violated his rights to a fair trial, to due process, and to present a defense. We decline to review it in the interest of justice. As an alternative holding, we reject it on the merits, as Bruen does not support the requested charge.
The challenged portions of the prosecutor's opening statement and summation did not deprive defendant of a fair trial, and the court properly exercised its discretion in denying defendant's mistrial motions made in regard to these matters. To the extent that any aspects of the prosecutor's remarks could be viewed as improper, the court's curative instructions were sufficient to prevent any prejudice (see People v Santiago , 52 NY2d 865 [1981]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 2, 2024